UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAR 29  PM 3: 56

CLERK

BY

DEPUTY CLERK

ROBERT WHITE,                    )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )        Case No. 2:20-cv-00211
                                 )
CORE CIVIC CORPORATION, et al.,  )
                                 )
    Defendants.                  )

## OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TRANFER VENUE

(Docs. 3, 8, 39 & 44)

This matter came before the court for a review of the Magistrate Judge's February 24, 2022 Report and Recommendation ("R & R") (Doc. 44), in which he recommended the court grant in part and deny in part the motions to dismiss or, in the alternative, transfer venue to the Northern District of Mississippi filed by Defendants James Baker, Nicholas Deml, and David Turner (collectively, "Vermont Defendants") (Doc. 3) and Defendants Raphael Vergara, R. Byrd, Dennis J. Hawkins, Sr., and CoreCivic, Inc. (collectively, "CoreCivic Defendants") (Doc. 39).[1] Plaintiff, a Vermont inmate incarcerated in the Tallahatchie County Correctional Facility in Mississippi, alleges that Defendants violated his civil rights by denying him a kosher diet.

The Magistrate Judge recommended the court: (1) dismiss Plaintiff's claims for damages and injunctive relief against Defendants Deml and Turner in their official capacities for lack of subject matter jurisdiction; (2) grant CoreCivic Defendants' motion

---

[1] After the filing of Plaintiff's Complaint, Nicholas Deml succeeded James Baker as Commissioner of the Vermont Department of Corrections and R. Byrd replaced Raphael Vergara as Warden of the Tallahatchie County Correctional Facility. To the extent Plaintiff's Complaint names Defendants Baker and Vergara in their official capacities, Defendant Deml and Byrd, respectively, are automatically substituted as parties pursuant to Fed. R. Civ. P. 25(d).

to dismiss for lack of personal jurisdiction; and (3) transfer this case to the Northern District of Mississippi because venue in the District of Vermont is improper. He further recommended that Plaintiff's motion for injunctive relief (Doc. 8) and Defendants' motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) be addressed by the Northern District of Mississippi after transfer.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his thirty-two-page R & R, the Magistrate Judge carefully reviewed the record and correctly concluded that Vermont's sovereign immunity bars claims for damages against Defendants Deml and Turner in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.") (citations and footnotes omitted). He also correctly determined that, because Plaintiff's request for a kosher diet has been granted, Plaintiff fails to allege "*both* a likelihood of future harm *and* the existence of an official policy or its equivalent" and thus lacks standing to bring a claim against Defendants Deml and Turner in their official capacities for injunctive relief to prevent a continuing violation of federal law. *Shain v. Ellison*, 356 F.3d 211, 216 (2d Cir. 2004) (emphasis in original); *see also Ex Parte Young*, 209 U.S. 123 (1908).

Sovereign immunity and standing are issues of subject matter jurisdiction, which the Magistrate Judge properly addressed before considering venue or motions to dismiss

for failure to state a claim. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[J]urisdictional questions ordinarily must precede merits determinations[.]"); *Ramdial v. Bowes*, 2021 WL 1193211, at *4 (E.D.N.Y. Mar. 30, 2021) (holding "the Court cannot transfer the action pursuant to Section 1406(a)" without subject matter jurisdiction) (collecting cases). No party has raised an objection to the Magistrate Judge's well-reasoned recommendations for dismissal of claims for lack of subject matter jurisdiction and the court adopts them.

The parties do object, however, to the R&R's recommendations regarding personal jurisdiction and transfer of venue. The court must therefore make *de novo* determinations of these issues. *See Cullen*, 194 F.3d at 405. Before addressing venue, the Magistrate Judge recommended the CoreCivic Defendants' motion to dismiss Plaintiff's claims for lack of personal jurisdiction be granted. Turning to venue, the Magistrate Judge correctly determined that venue was improper in the District of Vermont because not "all [D]efendants are residents of [Vermont]" and "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District of Mississippi, but not in the District of Vermont. 28 U.S.C. § 1391(b)(1)-(2). As the Magistrate Judge pointed out, "[t]he allegedly unconstitutional conduct occurred at [the Tallahatchie County Correctional Facility] in Mississippi." (Doc. 44 at 23.) He recommended that the case be transferred, at Defendants' request, to the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a), in part because that District would likely have personal jurisdiction over the CoreCivic Defendants. Plaintiff argues that *Nichols v. Hofmann*, 2010 VT 36, 188 Vt. 1, 998 A.2d 1040 (2010), authorizes personal jurisdiction in Vermont over the CoreCivic Defendants and that transferring the case to the Northern District of Mississippi "would put[] Plaintiff at a disadvantage in the [l]egal [s]ystem by not having [k]knowledge and or the opportunity for proper representation." (Doc. 47 at 1.)

"Although it is common to resolve challenges to personal jurisdiction before addressing motions to transfer venue[,] it is not required that courts do so." *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 408 (S.D.N.Y.

3

2017) (alteration adopted) (quoting *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013)). "[28 U.S.C. §] 1406(a) authorizes the transfer of a case whether the court in which it was filed had personal jurisdiction over the defendants or not." *Sinochem Int'l Co.* 549 U.S. at 430 (alterations adopted) (internal quotation marks omitted) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)); *see also Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79-80 (2d Cir. 1978) (same).

"[W]hen there is a sound prudential justification for doing so[,] . . . a court may reverse the normal order of considering personal jurisdiction and venue." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). "Where personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the [transferor district], it is 'prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to [the transferor district] irrelevant.'" *Enigma Software*, 260 F. Supp. 3d at 408-09 (quoting *Everlast*, 928 F. Supp. 2d at 742).

District courts have "considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)); *see also* 28 U.S.C. § 1406(a) (allowing district courts to "dismiss, or if it be in the interest of justice, transfer" a case "which is filed . . . in the wrong division or district"). As the R & R explains, transfer to the Northern District of Mississippi would allow for personal jurisdiction "over some or all of the [D]efendants" and the parties' "position[s] on the merits would not be prejudiced." *Corke*, 572 F.2d at 80. Plaintiff's ability to represent himself will not be significantly impacted by transfer to another federal district court, which operates under the same federal rules as this court. Moreover, Plaintiff is incarcerated in the Northern District of Mississippi and the majority of witnesses and evidence is likely to be found there. The court therefore adopts the Magistrate Judge's recommendation that the case be transferred to the Northern District of Mississippi. The court declines to adopt the R & R's analysis of personal jurisdiction and recommendation

4

that Plaintiff's claims against the CoreCivic Defendants be dismissed for lack of personal jurisdiction and leaves the determination of this issue to the transferee court.

The CoreCivic Defendants object to the R & R's "implicit denial" of their motion to dismiss Plaintiff's equal protection claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 46 at 1.) "[I]t is hornbook law that venue and personal jurisdiction are threshold procedural issues to be decided before the substantive grounds in a motion to dismiss." *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010). "Where a motion to transfer venue is filed concomitantly with a dispositive motion, the transferor court typically will resolve the venue question without ruling on the dispositive motion, which is more properly resolved by the transferee court." *Marom v. Pierot*, 2020 WL 1862974, at *2 (S.D.N.Y. Jan. 16, 2020), *report and recommendation adopted*, 2020 WL 1444938 (S.D.N.Y. Mar. 25, 2020) (collecting cases). The court agrees with the Magistrate Judge that the Northern District of Mississippi should rule on Defendants' Rule 12(b)(6) motions.

The CoreCivic Defendants also object to the R & R's failure to recommend dismissing "all official capacity claims against the CoreCivic Defendants" for lack of subject matter jurisdiction. (Doc. 46 at 5.) However, the CoreCivic Defendants did not move for dismissal of these claims. "A request for a court order must be made by motion" and "state the relief sought." Fed. R. Civ. P. 7(b)(1), (b)(1)(C). The CoreCivic Defendants may move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) in the Northern District of Mississippi.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the Magistrate Judge's R & R (Doc. 44), except for Section I.B addressing personal jurisdiction over the CoreCivic Defendants, as the court's Opinion and Order. The motions to dismiss or, in the alternative, transfer venue to the Northern District of Mississippi filed by the Vermont Defendants (Doc. 3) and the CoreCivic Defendants (Doc. 39) are GRANTED IN PART and DENIED IN PART. The court hereby DISMISSES Plaintiff's claims for damages and injunctive relief against Defendants Deml and Turner in their official capacities and

5

TRANSFERS this case to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a) for further proceedings on the remaining claims.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 29th day of March, 2022.

Christina Reiss, District Judge
United States District Court

6